JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

THOMAS E. STEVENS (CSBN 168362)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6559
    Facsimile: (415) 436-7234
    E-mail:    Thomas.Stevens@usdoj.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID ARTHUR NILSEN, and MANOEL ) <br> ANTONIO ERRICO, ) <br> ) <br> Defendants. ) <br> _____ ) | No. CR 09-0895 JW <br><br> STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING DISCOVERY AS TO DEFENDANT DAVID ARTHUR NILSEN |

The United States, through its counsel of record, and defendant David Arthur Nilsen, *pro se*, hereby agree and stipulate that the government will provide discovery on the following conditions:

1.    <u>Protected Material</u>

In light of the scope of discovery in this case, and the fact that material portions of that discovery may include personal information of third parties such as investors and borrowers, all discovery produced in this matter shall be deemed Protected Material. Possession of copies of the Protected Material is limited to defendant Nilsen, his attorneys of record (if any), and investigators, paralegals, law clerks, experts and assistants for Nilsen and/or his attorneys of

CR 09-0895 JW
[PROPOSED] PROTECTIVE ORDER

record (hereinafter collectively referred to as "members of the defense team").

Defendant Nilsen, his attorneys of record (if any), and members of the defense team acknowledge that providing copies of the Protected Material to other persons is prohibited, and agree not to duplicate or provide copies of the Protected Material to other persons. Defendant Nilsen, his attorneys of record, and members of the defense team may show Protected Material to witnesses or prospective witnesses in conjunction with their defense of Nilsen in this case. Defendant Nilsen, his attorneys of record, and members of the defense team further acknowledge that they are prohibited from using the Protected Material for any purpose other than defending Nilsen in the above-captioned matter. Any violation of these prohibitions constitutes a violation of the Protective Order. Further, Nilsen agrees that, prior to disseminating any copies of the Protected Material to members of the defense team, he will provide to them a copy of this Protective Order and, attached to it, an Acknowledgment. Each member of the defense team shall sign the Acknowledgment, which shall state that he or she (a) has read the Protective Order and understands it, (b) will comply with the Protective Order, and (c) understands that failure to comply will constitute a violation of the Protective Order. Nilsen shall maintain the originals of all executed Acknowledgments and shall produce them if ordered to do so by the Court.

Defendant Nilsen and members of the defense team agree that, should any personal information (including, but not limited to, social security numbers, phone numbers, addresses, driver license numbers, account numbers) be found during their review of this material, they will not provide that personal information in any form – whether in verbal, written or electronic format – to any third party, for any reason whatsoever.

2.   <u>Court Filings</u>

The parties agree that they will make good faith efforts to undertake all reasonable and practicable steps to prevent the public disclosure of personal information in court filings and motion and trial proceedings. Such steps may include, but are not limited to, redacting or coding the information, or filing under seal.

CR 09-0895 JW
[PROPOSED] PROTECTIVE ORDER

3.  Return of Protected Material

Defendant Nilsen and members of the defense team shall return all Protected Material provided pursuant to this Order to the government within fourteen (14) calendar days after any one of the following events, whichever occurs latest in time: (a) dismissal of all charges against defendant Nilsen; (b) defendant Nilsen's acquittal after trial by court or jury; (c) the expiration of the time period in which a direct appeal may be taken, if defendant Nilsen is convicted; or (d) if a direct appeal is taken, the date on which any such appeal is finally determined. In the event that defendant Nilsen and/or members of the defense team have made notes or marks on the Protected Material constituting attorney work product, Nilsen and/or members of the defense team shall return such Protected Materials to the government in a sealed container labeled "WORK PRODUCT-DESTROY."

Upon the conclusion of proceedings in the district court and, if applicable, any direct appeal in the above-captioned case, the government will maintain a copy of all Protected Materials produced by the government. The government will maintain such documents until the time period for filing a motion pursuant to 28 U.S.C. § 2255 has expired. After the statutory time period for filing such a motion has expired, the government may destroy the documents.

SO STIPULATED.

DATED: October 19, 2009

/s
THOMAS E. STEVENS
Assistant United States Attorney

DATED: October 19, 2009

/s
Defendant DAVID ARTHUR NILSEN, *pro se*

**ORDER**

IT IS SO ORDERED.

DATED: October 22, 2009

THE HON. JAMES WARE
United States District Judge

CR 09-0895 JW
[PROPOSED] PROTECTIVE ORDER