UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DAVID ARTHUR NILSEN,<br>Defendant. | Case No. 5:09-cr-0895-EJD<br><br>**ORDER DENYING MOTION TO TERMINATE SUPERVISED RELEASE**<br><br>**Dkt. No. 120** |

On May 16, 2019, Defendant David A. Nilsen ("Defendant"), who is proceeding pro per, filed a Motion For Early Termination of Supervised Release. Dkt. No. 120. The Probation Office and the Government oppose Defendant's motion. For the reasons set forth below, Defendant's motion will be denied.

Defendant pled guilty pursuant to a plea agreement to one count of Conspiracy to Commit Mail and Wire Fraud in violation of 18 U.S.C. §1349. The conviction arose from fraud Defendant committed through his operation of Cedar Funding, a hard-money lender funded by him in 1980. Defendant was sentenced to 97 months of incarceration and 36 months of supervised release. Defendant was also ordered to pay over $69 million in restitution.

Defendant began his term of supervised release on June 15, 2018. Defendant was 67 years old at that time. Defendant represents that while he was incarcerated, he had no incident reports; completed over 1,000 hours of continuing education; completed RDAP; was rewarded with a 12-month reduction of his sentence; and received the maximum allowed good time off of his sentence. Defendant represents that while he has been on probation, "he has done everything according to what the probation officer has told him to do." Dkt. No. 120 at 2. Defendant also

Case No.: 5:09-cr-895-EJD
ORDER DENYING MOTION TO TERMINATE SUPERVISED RELEASE
1

describes the personal challenges he has faced since being released, including receiving treatment for serious health problems and caring for his extended family. For all these reasons, Defendant requests early termination of his supervised release.

Pursuant to 18 U.S.C. § 3583(e)(1), the court may, after considering a subset of sentencing factors, "terminate a term of supervised release and discharge the defendant related any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The sentencing factors to be considered are: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for deterrence, for public protection from further crimes of the defendant, and for correctional treatment for the defendant; the sentencing guideline range; the Sentencing Commission's policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims of the offense. See 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7).

Three of the sentencing factors weigh against early termination of Defendant's supervised release. First, Defendant's underlying conviction was for a serious offense. Defendant participated in a scheme to defraud hundreds of victims that resulted in losses to investors of more than $69 million. Second, Defendant's base level offense was increased because of his aggravated role in the offense and for abusing a position of trust. Third, the Probation Office has expressed interest in maintaining supervised release so that it may periodically reassess Defendant's future ability to make greater restitution payments.

It is commendable that Defendant completed 1,000 hours of continuing education and completed RDAP while incarcerated. The court also recognizes that to date, Defendant has complied with all of the conditions of his supervised release. Nevertheless, compliance is expected and does not, without more, justify early termination of supervised release.

Finally, the court also recognizes that Defendant is facing significant personal challenges. These challenges do not justify early termination, but rather suggest that supervision should continue because, as the government notes, the Probation Office may be able to assist Defendant

Case No.: 5:09-cr-895-EJD
ORDER DENYING MOTION TO TERMINATE SUPERVISED RELEASE
2

in arranging counseling or other support services.  The court encourages Defendant to utilize these resources if they are available.

Defendant's motion for early termination of supervised release is DENIED.

**IT IS SO ORDERED.**

Dated: June 25, 2019

EDWARD J. DAVILA
United States District Judge